UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LLEWELLYN S. GEORGE,

                              Plaintiff,

        -against-

WESTCHESTER COUNTY DEPARTMENT
OF CORRECTION, *et al.*,

                              Defendants.

7:20-CV-1723 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Pro se Plaintiff Llewellyn S. George ("Plaintiff") asserts that Defendants Westchester

County Department of Correction ("WCDOC"), Assistant Wardens A. Spaulding ("Spaulding")

and Eric Middleton ("Middleton"), Correction Captains Mabra ("Mabra") and Roberts

("Roberts"), and Correction Sergeants Kitt ("Kitt") and Lopez ("Lopez") (collectively,

"Defendants") violated his constitutional rights under the First, Eighth and Fourteenth

Amendments.  (Dkt. No. 2 (Compl.).)  Plaintiff's claims arise from events that occurred while he

was held in the Westchester County Jail, and he seeks damages and injunctive relief.  (*Id.*)  The

Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

On February 26, 2020, Plaintiff filed his Complaint and an incomplete Application to

proceed in forma pauperis ("IFP").  (Dkt Nos. 1–2.)  On March 11, 2020, Plaintiff filed a

completed IFP Application, and IFP status was granted on April 8, 2020.  (Dkt. Nos. 5–6.)

For the reasons discussed below, the Court directs the Clerk of Court to add Captain

Vanlierop and the County of Westchester as Defendants, and dismisses Plaintiff's claims against

WCDOC.  The Court also directs service on Defendants and directs them to comply with Local

Civil Rule 33.2.

## I. Standard of Review

The Court must dismiss an in forma pauperis complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret such pleadings to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations, quotation marks, and emphasis omitted). But the "special solicitude" in pro se cases, *id.* at 475 (citation omitted), has its limits; to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Towmbly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual

allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678–79.

II.  Discussion

A.  Captain Vanlierop

Although Plaintiff does not name Captain Vanlierop as a Defendant in the Complaint's caption, Plaintiff refers to her as a Defendant throughout the body of the Complaint. (Compl. 6– 7, 9–10.)  In light of Plaintiff's pro se status and clear intention to bring suit against Vanlierop, the Court directs the Clerk of Court to add Vanlierop as a Defendant in this action.  *See* Fed. R. Civ. P. 21 21 (providing that "on its own, the court may at any time, on just terms, add . . . a party").  This amendment is without prejudice to any defenses Vanlierop may assert.

B.  WCDOC

Plaintiff's claims against WCDOC must be dismissed because municipal agencies or departments do not have the capacity to be sued under New York law.  *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").  However, because of Plaintiff's pro se status and clear intention to assert claims against the County of Westchester, the Court construes the Complaint as asserting claims against the County of Westchester instead of WCDOC.  The Court therefore directs the Clerk of Court to amend the caption of this Action to

3

replace WCDOC with the County of Westchester. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the County of Westchester may assert.

### C. Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Complaint on Defendants until the Court reviewed the Complaint and ordered that summonses be issued for Defendants. The Court therefore extends the time to serve Defendants until 90 days after the date that summonses for the defendants are issued. If the Complaint is not served on Defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the Defendants. The Clerk of Court is further instructed to issue

summonses for Defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on Defendants.

### D.  Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this Action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, Defendants must serve responses to those standard discovery requests. In their responses, Defendants must quote each request verbatim.[1]

### III.  Conclusion

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.[2]

The Court dismisses Plaintiff's claims against the Westchester County Department of Correction and adds Captain Vanlierop and the County of Westchester as Defendants.

The Court further directs the Clerk of Court to issue summonses for Defendants County of Westchester, Captain Vanlierop, Assistant Warden A. Spaulding, Assistant Warden Eric

---

[1] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

[2] In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is attached to this order and is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouse in Manhattan (500 Pearl Street) or White Plains (300 Quarropas Street). For more information, including instructions about this new email service for *pro se* parties, please visit the Court's website at https://nysd.uscourts.gov.

Middleton, Captain Mabra, Sergeant Kitt, Sergeant Lopez, and Captain Roberts; complete USM-285 forms with the service addresses for those Defendants; and deliver to the U.S. Marshals Service all documents necessary to effect service on those Defendants.

The Court directs Defendants County of Westchester, Vanlierop, Spaulding, Middleton, Mabra, Kitt, Lopez, and Roberts to comply with Local Civil Rule 33.2 within 120 days of service of the Complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 21, 2020
         White Plains, New York

_____
         KENNETH M. KARAS
         United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.  County of Westchester
    Law Department
    148 Martine Avenue
    White Plains, New York 10601

2.  Captain Vanlierop
    Westchester County Jail
    10 Woods Road
    Valhalla, New York 10595

3.  A. Spaulding, Assistant Warden
    Westchester County Jail
    10 Woods Road
    Valhalla, New York 10595

4.  Eric Middleton, Assistant Warden
    Westchester County Jail
    10 Woods Road
    Valhalla, New York 10595

5.  Sergeant Lopez
    Westchester County Jail
    10 Woods Road
    Valhalla, New York 10595

6.  Sergeant Kitt
    Westchester County Jail
    10 Woods Road
    Valhalla, New York 10595

7.  Captain Roberts
    Westchester County Jail
    10 Woods Road
    Valhalla, New York 10595