UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LLEWELLYN GEORGE,

                       Plaintiff,

            -v-

COUNTY OF WESTCHESTER, *et al.*,

                       Defendants.

No. 20-CV-1723 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

       On December 13, 2022, Defendants filed a Suggestion of Death pursuant to Federal Rule of Civil Procedure 25(a)(1), notifying the Court of the death of Llewellyn George ("Plaintiff") on or about January 8, 2022. (Dkt. No. 41). On December 15, 2022, the Court stayed all pending deadlines in this Action until Plaintiff's estate appeared to prosecute this Action. (Memo Endorsement) (Dkt. No. 42).)[1] On April 25, 2023, the Court issued an Order directing Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute. (Order to Show Cause (Dkt. No. 43).) The Order to Show Cause, which had been mailed to Plaintiff's last known address, was returned to the Court as undeliverable and "Unable to Forward." (*See* Dkt. (entries for April 26, 2023, and May 1, 2023).) To date, Plaintiff's estate has not filed an appearance in this Action. (*See generally* Dkt.)

       This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court

---

[1] Although this Memo Endorsement was mailed to Plaintiff's last known address, it was returned to the Court as undeliverable and "Unable to Forward." (*See* Dkt. (entries for December 15, 2022 and January 25, 2023).)

order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff filed the Complaint on February 26, 2020. (*See* Dkt. No. 2). On August 10, 2020,

2

Defendants filed a pre-motion letter, (Letter from Jordan L. Silver, Esq. to Court (Aug. 10, 2023) (Dkt. No. 21)), to which Plaintiff never responded, (*see* Order (Dkt. No. 22)).  Although the Court set a briefing schedule, (*id.*), and Defendants' served their Motion To Dismiss on Plaintiff, (Not. of Mot. (Dkt. No. 28); Notice to Pro Se Litigant (Dkt. No. 31)), Plaintiff did not file opposition papers, (Memo Endorsement (Dkt. No. 33)).  In an Opinion and Order dated September 24, 2021, the Court granted Defendants' Motion in part and denied it in part, and gave Plaintiff 30 days to file an amended complaint, warning that if Plaintiff did not meet that deadline, his claims could be dismissed.  (*See* Opinion and Order 33–34 (Dkt. No. 35).)  The Clerk of Court mailed a copy of the Opinion & Order to Plaintiff that same day.  (*See* Dkt. (entry for September 24, 2021).)

Thereafter, Defendant Captain Vanlierop informed the Court of Plaintiff's passing, (*see* Letter from Sean T. Carey, Esq. to Court (Sept. 15, 2022) (Dkt. No. 38); Letter from Sean T. Carey, Esq. to Court (Oct. 25, 2022) (Dkt. No. 39)), and ultimately filed the Suggestion of Death on December 13, 2022, (Dkt. No. 41).  The Court then issued the Order to Show Cause on April 25, 2023, stating that "[t]he Court may dismiss this case without further notice in the event that good cause is not shown" by May 31, 2023.  (Order to Show Cause 1.)  The Order to Show Cause was mailed to Plaintiff's last known address and later returned to the Court as undeliverable and "Unable to Forward."  (*See* Dkt. (entries for April 26, 2023, and May 1, 2023).)[2]  As of the date of this Order, no other party—including Plaintiff's estate—has appeared to prosecute this Action on Plaintiff's behalf.

---

[2] The Court also notes that, on June 5, 2023, counsel for Defendants wrote to inform the Court that "Plaintiff's time to show cause has expired without any reply from Plaintiff or someone acting on his behalf."  (Letter from Sean T. Carey, Esq. to Court (June 5, 2023) (Dkt. No. 44).)

3

Moreover, the Court finds that no sanction less than dismissal will alleviate the prejudice to Defendants of continuing to keep this Action open, and the Court stresses that it needs to avoid calendar congestion and to ensure an orderly and expeditious disposition of cases. *See Keating v. Leviton Mfg. Co.*, No. 06–CV–6027, 2009 WL 234654, at *2 (E.D.N.Y. Jan. 30, 2009) (dismissing case five months after the filing of a suggestion of death regarding the plaintiff, where there was "no indication that [the] plaintiff's estate intend[ed] to continue th[e] action").

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Salem v. City of New York*, No. 16-CV-7562, 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." (internal quotation marks omitted)).[3]

---

[3] Dismissal is also appropriate under Federal Rule of Civil Procedure 25. "If a party dies and [his] claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "If [a] motion [for substitution of a proper party] is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be dismissed*." *Id.* (emphasis added); *accord Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-CV-273, 2021 WL 4429404, at *2 (S.D.N.Y. Sept. 27, 2021). Here, Defendants filed the Suggestion of Death on December 13, 2022 and the 90-day deadline under Rule 25 passed nearly seven months ago on March 13, 2023.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's address, and to close this case.

SO ORDERED.

DATED:   October 3, 2023
            White Plains, New York

                                               KENNETH M. KARAS
                                               UNITED STATES DISTRICT JUDGE